479 So.2d 298 (1985)
Angel TORO a/k/a Sammy Toro, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-15.
District Court of Appeal of Florida, Third District.
December 10, 1985.
*299 Gustavo Gutierrez, Miami, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
SCHWARTZ, Chief Judge.
The defendant's sole contention, preserved through the entry of a nolo plea, is that he is entitled to dismissal because he was not scheduled for trial within the 120 day period provided by Article IV(c) of the Interstate Agreement on Detainers, § 941.45(4)(c), Fla. Stat. (1983).[1] We disagree.
Applying the body of federal law which controls the interpretation of the IAD, Cuyler v. Adams, 449 U.S. 433, 438-42, 101 S.Ct. 703, 706-09, 66 L.Ed.2d 641, 647-50 (1980), we find that the delays complained of resulted from (a) Toro's own extended efforts to obtain counsel, Naughton v. State, 453 A.2d 796 (Del. 1982); see United States v. Scheer, 729 F.2d 164 (2d Cir.1984); and (b) the lower court's setting the trial on a date which coincided with that requested by and already set for a co-defendant and which afforded Toro's finally retained attorney sufficient time to prepare; it thus represented an entirely appropriate continuance for good cause as specifically authorized by Article IV(c). Naughton v. State, supra; see United States v. Odom, 674 F.2d 228 (4th Cir.1982), cert. denied, 457 U.S. 1125, 102 S.Ct. 2946, 73 L.Ed. 1341 (1982). Hence, there was no violation of the defendant's rights under the statute. See cases collected, Annot., Validity, Construction, and Application of Interstate Agreement on Detainers, 98 A.L.R.3d 160 § 28[b] (1980).
In addition, it appears that the defense acquiesced in fixing the trial date beyond the statutory period and therefore may not now be heard to complain.[2]Foran v. Metz, 463 F. Supp. 1088 (S.D.N.Y. 1979), aff'd mem. 603 F.2d 212 (2d Cir.1979), cert. denied, 444 U.S. 830, 100 S.Ct. 58, 62 L.Ed.2d 38 (1979); Pethtel v. State, 427 N.E.2d 891, 893-95 (Ind. App. 1981).
Affirmed.
NOTES
[1] Sec. 941.45(4)(c) provides:

(c) In respect of any proceeding made possible by this subsection, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.
This section of the IAD applies because Toro was brought here pursuant to a Florida detainer lodged against him while he was serving a federal sentence.
[2] A different result on this point would be required by the Florida speedy trial law. See Stuart v. State, 360 So.2d 406 (Fla. 1978).