## STATE OF FLORIDA v KRESLER
### Case Nos. 83-6729CF10 and 83-4800CF10
Seventeenth Judicial Circuit, Broward County
June 17, 1987

**APPEARANCES OF COUNSEL**

**Christina Spudeas,** Assistant State Attorney, for plaintiff.
**Christopher Grillo** for defendant.

## OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

THIS CAUSE having come before the Court upon the Motion for Post-Conviction Relief filed by the above-named Defendant pursuant to F.R.Crim.P. 3.850 and the Court having considered the same together with the State's response thereto and being otherwise advised in its premises, it is hereby

ORDERED AND ADJUDGED that the Motion is *DENIED*. At issue is the discrepancy in the varying time requirements within which a trial must be commenced when a *Request for Final Disposition* pursuant to Section 941.45(3)(a) is *initiated by a Defendant* in custody in another State (180 days) as distinguished from a *Request for Custody* pursuant to Section 941.45(4)(a) of a Defendant incarcerated in another State *initiated by the prosecution* (120 days). The State of Florida filed a Detainer for the above Defendant on June 6, 1983.

The Defendant claims his Request for Final Disposition was filed on May 2, 1984 as evidenced by Exhibit A. Section 941.45(3)(a), however provides in relevant part that such a request

> . . . *shall* be accompanied by a certificate of the appropriate official having custody of the prisoner (i.e. Alabama) stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the state parole agency relating to the prisoner (emphasis added).

Section 941.45(3)(b) provides in relevant part:

> The written notice and request for final disposition referred to in paragraph (a) shall be given or sent by the prisoner to the warden . . . who shall promptly forward it *together with the certificate* to the appropriate prosecuting official and court by registered or certified mail, return receipt requested (emphasis added).

The aforementioned certificate is dated May 18, 1984 and attached as Exhibit B. Exhibits A and B were thereafter, mailed on May 21, 1984 as evidenced by the postmark on Exhibit C. Since both the notice and certificate must be mailed together, it is the opinion of this Court that the 180 day period provided by Section 941.45(3)(a) begins to run on May 21, 1984, 180 days after the Defendant caused to be delivered to the prosecuting state officer the notice of request for final disposition and the accompanying certificate and that the expiration date of this period would be November 17, 1984.

106

The Defendant arrived in Broward County on September 23, 1984, moved for and was granted a continuance on December 3, 1984 and plead guilty and was sentenced on January 17, 1985. It would therefore appear that since the continuance and disposition of the case was after the expiration of the 180 day period (i.e. November 17, 1984) that he would be entitled to a discharge under Section 941.45(3)(d).

The State of Florida however pursuant to Section 941.45(4)(a) on May 10, 1984 as evidenced by Exhibit D transmitted a Request for Custody. That provision provides in relevant part in Section 941.45(4)(c) that

. . . the trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state. . . .

Exhibit E and F respectively confirm that the Request for Custody was mailed by the State of Florida on May 10, 1984 and received by the State of Alabama on May 14, 1984.

The Defendant pursuant to Section 941.45(4)(c) arrived within the receiving state (i.e. State of Florida) on September 23, 1984 as evidenced by Exhibit G, the Broward Sheriff's Office Booking Sheet. The 120 day period would thus begin to run on that date and expire on January 20, 1985.

Section 941.45(4)(c) also provides that for good cause shown, the trial court may grant a reasonable continuance. *Toro v. State*, 479 So.2d 298 (3d DCA 1985). The trial as previously noted was originally set for December 3, 1984 and pursuant to a Defense continuance, see Exhibit H, was reset for trial on January 2, 1985. On January 17, 1985, the Defendant entered a plea of guilty and was sentenced on that date as indicated by Exhibit I and J, the Judgment and Sentence respectively. Within the time frame provided by 941.45(4) that statutory framework was adhered to.

It would thus appear that within the very same time vacuum, the State availed itself of 941.45(4) and the Defendant of 941.45(3). Although the Defendant took the first step on May 2, 1984 by preparing his Request for Disposition, the statutory regulations of 941.45(3) provides that that section is not triggered until *both* the Request for Disposition and the certificate are mailed, the relevant date being May 21, 1984. The State on the other hand, implemented its Request for Custody pursuant to 941.45(4) on May 14, 1984, the date the State of Alabama received the State of Florida's written request. Thus, is is this Court's decision that Section 941.45(4) is controlling and that the 120 day provision contained therein, was complied with.

**107**

Defendant further argues that he was never advised that he had the opportunity to be sentenced under the guidelines to waive that choice. A review of the transcript of the plea colloquy, a copy of which is attached hereto indicated that this Court inquired of the Defendant (p. 11) whether the sentence to be imposed was pursuant to the guidelines and counsel for Defendant replied the sentence was a result of a *negotiated plea* and was one outside of the guidelines. Under the circumstances, the Court deems there was a proper waiver through counsel of his right to elect to be sentenced outside of the guidelines. The decisions cited by counsel for the State are irrelevant since those cases where decided in the context of Defendants convicted following trial who did not address guidelines issues when they had the opportunity to do so on a direct appeal.

DONE AND ORDERED this 17th day of June, 1986 in Fort Lauderdale, Broward County, Florida.

The Defendant shall have thirty (30) days from the date of this Order to file a Notice of Appeal with the Fourth District Court of Appeals.

I hereby certify that a copy of this Order was mailed to the Defendant on this date.

■■■■■■■■■

JUL 3 1984

Agreement on Detainers: Form I

Five copies, if only one jurisdiction within the state involved has an indictment, information or complaint pending. Additional copies will be necessary for prosecuting officials and clerks of court if detainers have been lodged by other jurisdictions within the state involved. One copy should be retained by the prisoner. One signed copy should be retained by the warden. Signed copies must be sent to the Agreement Administrator of the state in which the prisoner is incarcerated, the prosecuting official of the jurisdiction which placed the detainer, and the clerk of the court which has jurisdiction over the matter. The copies for the prosecuting officials and the court must be transmitted by certified or registered mail, returned receipt requested.

## INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR
## DISPOSITION OF INDICTMENTS, INFORMATIONS OR COMPLAINTS

c/o State Attorney Office, Room 640
201 S.E. 6th Street, Ft. Lauderdale FLA 33301

TO. CATHY HOLTON _____ Prosecuting Officer BROWARD COUNTY,

FLORIDA, FT. Lauderdale FLORIDA ____ Court _____

and to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations or complaints are pending.

You are hereby notified that the undersigned is now imprisoned in

Kilby Correctional Facility, at MT Meigs, ALABAMA

and I hereby request that a final disposition be made of the following indictments, informations or complaints now pending against me:

Failure to take action in accordance with the Agreement on Detainers, to which your state is committed by law, will result in the invalidation of the indictments, informations or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceeding contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

The required Certificate of Inmate's Status and Offer of Temporary Custody are attached.

Date 5/3/84 _____ _____ 136420

The inmate must indicate below whether he has counsel or wishes the court in the receiving state to appoint counsel for purposes of any proceedings preliminary to trial in the receiving state which may take place before very to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

A. My counsel is MITROZBLIT ____ Tel # 305-525-1700

whose address is 633 South Andrews Ave. Fort Lauderdale Florida 33

B. I request the court to appoint counsel.

**109**

*...'s request for disposition under Article III, copies of this Form should be attached to all copies of Form II. In the case of a request ... under Article IV, copy of this Form should be sent to the prosecutor upon receipt by the warden of Form V. Copies also should be ... prosecutors in the same state who have lodged detainers against the inmate. A copy may be given to the inmate.*

## CERTIFICATE OF INMATE STATUS

RE: ᵥRESLER, Sheldon Lewis        136420

Holman Prison Unit  *Holman 37*     Atmore     Holman Station, Alabama

                                                 *36503*

The (custodial authority) hereby certifies:

1. The term of commitment under which the prisoner above named is being held   38 Years

2. The time already served   1 Year 6 Months

3. Time remaining to be served on the sentence   36 Years 5 Months 28 Days as of 5-18-84

4. The amount of good time earned   None

5. The date of parole eligibility of the prisoner   NA

6. The decisions of the Board of Parole relating to the prisoner (if additional space is needed use reverse side) _____
                         NA

7. Maximum expiration date under present sentence   11-16-2020

8. Detainers currently on file against this inmate from your state are as follows:

    Sheriff's Office, Palm Beach County, 3228 Gun Club Road, West Palm Beach,

    Florida   33406       Charge- Robbery

Dated   5-18-84

                                  *Betty H. Taylor*
                                 Betty H. Taylor, Director
BY:   Central Records Office

110

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
CENTRAL RECORDS
3371 ATLANTA HIGHWAY
MONTGOMERY, ALABAMA 36109 - 2701

RETURN RECEIPT REQUESTED

CERTIFIED
P 501 022 430
MAIL

Jeffry Driscoll
Assistant State Attorney
Broward County
Ft. Lauderdale, Florida    33305

CLAIM CHECK NO. 503506

1ST NOTICE
2ND NOTICE
DATE
☐ HOLD
RETURN

Detached from PS Form 3849-A Oct. 1980

111

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT,       IN AND FOR
BROWARD COUNTY,       FLORIDA

STATE OF FLORIDA                    Case No.   83-6729CF
                                    Judge: SPEISER
vs.
SHELDON LEWIS KRESLER               REQUEST FOR TEMPORARY CUSTODY
      Inmate No. 136420

_____/

TO: Betty Taylor, Director
    Board of Corrections
    Central Records
    3371 Atlanta Highway
    Montgomery, Alabama   36109

      Please be advised that SHELDON LEWIS KRESLER
who is presently an inmate of your institution, is under Information
in the Circuit Court of the 17th Judicial Circuit in and for Broward
County, Florida, of which I am an Assistant State Attorney.

      Said inmate is charged with the offense enumerated below:

                    OFFENSE

Case No. 83-6729CF, I & II. Robbery.

      I propose to bring this person to trial on this Information
within the time specified in Article IV (c) of the Agreement on Deta:

      In order that proceedings in this matter may be properly had, I
hereby request temporary custody of such person pursuant to Article
(a) of the Agreement on Detainers.  We plan to take custody of the
prisoner on or after  July 18, 1984

      I hereby agree that immediately after trial is completed in thi'
jurisdiction I will return the prisoner directly to you or allow any
jurisdiction you have designated to take temporary custody.  I agree
also to complete Form IX, the Notice of Disposition of a Detainer,
immediately after trial.

                              Joffry Driscoll
                              Assistant State Attorney
                              Broward County Courthouse 650
                              Fort Lauderdale, Fla. 33301

      I hereby certify that the person whose signature appears above :
an appropriate officer within the meaning of Article IV (a) and that
the facts recited in this request for temporary custody are correct
and that having duly recorded said request I hereby transmit it for
action in accordance with its terms and the provisions of the Agreeme
on Detainers.

Dated:  5/10/84                _____
                              Circuit Court Judge
                              for Judge Speiser

112

**RECEIPT FOR CERTIFIED MAIL**
NO INSURANCE COVERAGE PROVIDED
NOT FOR INTERNATIONAL MAIL
(See Reverse)

P 705 192 871

| | |
|---|---|
| Sent to | |
| Street and No. | |
| P.O., State and ZIP Code | 30334 |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to whom and Date Delivered | |
| Return receipt showing to whom, Date, and Address of Delivery | |
| TOTAL Postage and Fees | $ |
| Postmark or Date | 5/10/84 |

PS Form 3800, Feb. 1982 * U.S.G.P.O. 1983-403-517

**RECEIPT FOR CERTIFIED MAIL**
NO INSURANCE COVERAGE PROVIDED
NOT FOR INTERNATIONAL MAIL
(See Reverse)

P 705 192 872

| | |
|---|---|
| Sent to | |
| Street and No. | |
| P.O., State and ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to whom and Date Delivered | |
| Return receipt showing to whom, Date, and Address of Delivery | |
| TOTAL Postage and Fees | $ |
| Postmark or Date | 5/10/84 |

PS Form 3800, Feb. 1982 * U.S.G.P.O. 1983-403-517

**RECEIPT FOR CERTIFIED MAIL**
NO INSURANCE COVERAGE PROVIDED
NOT FOR INTERNATIONAL MAIL
(See Reverse)

P 705 192 873

| | |
|---|---|
| Sent to | |
| Street and No. | |
| P.O., State and ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to whom and Date Delivered | |
| Return receipt showing to whom, Date, and Address of Delivery | |
| TOTAL Postage and Fees | $ |
| Postmark or Date | 5/10/84 |

PS Form 3800, Feb. 1982 * U.S.G.P.O. 1983-403-517

113

L. RESLER

UNITED STATES POSTAL SERVICE
OFFICIAL BUSINESS

PENALTY FOR PRIVATE
USE TO AVOID PAYMENT
OF POSTAGE, $300

SENDER INSTRUCTIONS
Print your name, address, and ZIP Code in the space below.
• Complete items 1, 2, 3, and 4 on the reverse.
• Attach to front of article if space permits.
otherwise affix to back of article.
• Endorse article "Return Receipt Requested"
adjacent to number.

RETURN
TO

Jeffry Driscoll, A.S.A.
(Name of Sender)
State Attorney's Office
Broward County Courthouse
(Street or PO Box)
Fort Lauderdale, Florida 33301
(City, State, and ZIP Code)

UNITED STATES POSTAL SERVICE
OFFICIAL BUSINESS

PENALTY FOR PRIVATE
USE TO AVOID PAYMENT
OF POSTAGE, $300

SENDER INSTRUCTIONS
Print your name, address, and ZIP Code in the space below.
• Complete items 1, 2, 3, and 4 on the reverse.
• Attach to front of article if space permits,
otherwise affix to back of article.
• Endorse article "Return Receipt Requested"
adjacent to number.

RETURN
TO

Jeffry Driscoll, A.S.A.
(Name of Sender)
State Attorney's Office
Broward County Courthouse
(Street or PO Box)
Fort Lauderdale, Florida 33301
(City, State, and ZIP Code)

114

PHOTO

SHERIFFS OFFICE
BROWARD COUNTY FLORIDA

| Booking Number | Offense Report No. | CCN | | Filing Agency | Booking Sheet Control Date & Time | |
|---|---|---|---|---|---|---|
| BS84-10291 | N/A | | | BS | 09-23-84 | 0900 |

| Last Name | First | Middle | | SSN | Wanted | Probation |
|---|---|---|---|---|---|---|
| KRESLER, | SHELDON | LOUIS | | 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 | | |

| Alias Last Name | First | Middle | | Driver's License Number | | State |
|---|---|---|---|---|---|---|

| Street/Tel Name | Race | Sex | Hgt | Wgt | Eyes | Hair | Comp | Age | Date of Birth | Place of Birth | St. Citz. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SHEL | W | M | 509 | 180 | BRN | BRN | MED | 42 | 01-23-42 | BROOKLYN NYC NY US | |

| Permanent Address | | Bldg. | Apt. | City | Yrs. | Mths. |
|---|---|---|---|---|---|---|
| HOLMAN PRISON UNIT/ALABAMA | | | | (INCARCERATED) | | |

| Local Address | | Bldg. | Apt. | City | Yrs. | Mths. |
|---|---|---|---|---|---|---|

| Epil. | Heart | Nervs | Diab. | Algy | Ulcer | TBP | VDP | Mental | Narc. | Narc/W | AL/W | AMP | GOH | Armed | Dang. | Rebel | Robby | Svrc. | Other |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| X | | | | | | | | | | | | | | | | | ✓ | | |

Scars, Marks, Tattoos
NONE VISIBLE.

INCARCERATED (SENTENCED)

Occupation

| Prints | Blood Alcohol | Vehicle Towed | Rights | Phone Call | Pers. Prop. | Place of Arrest (Address) |
|---|---|---|---|---|---|---|
| | | | | | 345 | HOLMAN PRISON UNIT ALABAMA. |

| Arrest Date | Arrest Time | Arresting Officer | | CCN | Officer Injured | Unit | Zone | Beat | Shift |
|---|---|---|---|---|---|---|---|---|---|
| 09-23-84 | 0705 | P.T.S. | | | | | | | |

| Unit No. | Transporting Officer | | | Pick Up Time | Arrival Time | US Vet | | Discharge | |
|---|---|---|---|---|---|---|---|---|---|

| Booking Date | Booking Time | Booking Officer | | CCN | Add Charge Date | Officer | | CCN |
|---|---|---|---|---|---|---|---|---|
| 09-23-84 | 0902 | _____ D1797 | | | | | | |

| Date | Offense | Florida Statute Number | Capias/Warrant Number | Bond |
|---|---|---|---|---|
| " | ROBBERY | DIV FA XFY | 83006729CF10 | N/B |
| " | ROBBERY (DEADLY WEAPON) | DIV FA XFY | 83006729CF10. | N/B. |
| " | HOLD DOC HOLMAN PRISON (AL) | XFN | PR136420 | SENT. |

EXTREMELY HIGH ESCAPE RISK
UNDER 38 YR SENTENCE (ALABAMA)
WC84-10386

Personal Medical Insurance

| Release Reason | | Released By | Released | Date Released | Time Reed |
|---|---|---|---|---|---|

| Booking Number | Last Name | First Int. | Booking Number | Last Name | First |
|---|---|---|---|---|---|
| BS84-10291 | KRESLER | S | BS84-10291 | KRESLER | SHELDON |

| Date | Time | Sex | Race | Date of Birth | Bin Number | Date | Time | Sex | Race | Date of Birth |
|---|---|---|---|---|---|---|---|---|---|---|
| 09-23-84 | 0905 | M | W | 1/23/42 | 54 | 09-23-84 | 0905 | M | W | 1-23-42 |

| Currency | | | | | | Booking Officer | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | _____ D1797 | | | |

| | | | | | | Epil. | Heart | Nervs | Diab. | Algy |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Heart | | | |

| Knife | Ring | Lighter | Purse | Wallet | Miscellaneous | Ulcer | TBP | VDP | Mental | Narc. | Narc/W | AL/W | AMP | GOH |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ① | | | | ② | LEATHER NECKLACE | | | | | | | | | |

CROSS, PILLOW CASE W/CLOTHING, BIBLE, LEG-
PAPERS, COMM/ITEMS (MEDS)

Other
BAD HEART.

| Vehicle Towed By | |
|---|---|

| Searching Officer | | Prisoner's Signature |
|---|---|---|

| Date | M | |
|---|---|---|
| Auth. Property & Money Rec'd In Full | | Prisoner's Signature |

115

STATE OF FLORIDA

vs.

*Shelton R Kresler*

IN THE CIRCUIT/COUNTY COURT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO. *83-6229 A*

JUDGE *Speiser*

The *Jury Trial* in this case is now
scheduled for *Jan 2 ⟶ Feb 25*, 19*85*, at *9 Am*
in room *415* of the Broward County Courthouse.

Remarks *O/C*

DONE AND ORDERED *12-3-19 84*

JUDGE

|  | in open Court | By Mail |
|---|---|---|
| Defendant | (✓) | ( ) |
| Defense Attorney | (✓) | ( ) |
| Bondsman | ( ) | ( ) |
| State | (✓) | ( ) |

CLERKS COPY

116

□ PROBATION VIOLATOR
(Check if Applicable)

IN THE CIRCUIT COURT, SEVENTEENTH
JUDICIAL CIRCUIT, IN AND FOR BROWARD
COUNTY, FLORIDA

DIVISION FA    MARK A. SPEISER

STATE OF FLORIDA
—vs—

85- 20893

CASE NUMBER 83-6729CF10-A

ST ATTY KATHLEEN HOAGUE

SHELDON LEWIS KRESLER
Defendant

CT RPTR. ANDREA MAZOR

# JUDGMENT

The Defendant, SHELDON LEWIS KRESLER _____, being personally before this

Court represented by MICHAEL PARIS _____, his attorney of record and having

(Check Applicable Provision)
□ Been tried and found guilty of the following crime(s)
☒ Entered a plea of guilty to the following crime(s)
□ Entered a plea of nolo contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME | CASE NUMBER |
|---|---|---|---|---|
| I. | ROBBERY | 812.13(1)(2)(a) | LF | |
| | | | | |
| | | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s)

The Defendant is hereby ordered to pay the sum of fifteen dollars ($15.00) pursuant to F.S. 960.20 (Crimes Compensation Trust Fund). The Defendant is further ordered to pay the sum of two dollars ($2.00) as a court cost pursuant to F.S. 943.25(4).

(Check if Applicable)
□ The Defendant is ordered to pay an additional sum of two dollars ($2.00) pursuant to F.S 943.25(8).
(This provision is optional, not applicable unless checked)

□ The Defendant is further ordered to pay a fine in the sum of $ _____
pursuant to F.S. 775.0835
(This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of a sentence pursuant to F.S 775.083 are to be recorded on the Sentence page(s))

□ The Court hereby imposes additional court costs in the sum of $ _____

Imposition of Sentence Stayed and Withheld
(Check if Applicable)
□ The Court hereby stays and withholds the imposition of sentence as to count(s) _____
and places the Defendant on probation for a period of _____
under the supervision of the Department of Corrections (conditions of probation set forth in separate order.)

Sentence Deferred Until Later Date
(Check if Applicable)
□ The Court hereby defers imposition of sentence until _____ (date)

The Defendant in Open Court was advised of his right to appeal from this Judgment by filing notice of appeal with the Clerk of Court within thirty days following the date sentence is imposed or probation is ordered pursuant to this adjudication. The Defendant was also advised of his right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

### FINGERPRINTS OF DEFENDANT

| 1. R Thumb | 2. R Index | 3. R Middle | 4. R Ring | 5. R Little |
|---|---|---|---|---|
| 6. L Thumb | 7. L Index | 8. L Middle | 9. L Ring | 10. L Little |

Fingerprints taken by:

Name and Title

DONE AND ORDERED in Open Court at Broward County, Florida this 17th day of JANUARY
A.D. 19 85 . I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the Defendant,
SHELDON LEWIS KRESLER and that they were placed thereon by said Defendant in
my presence in Open Court this date.

F. T. JOHNSON

117

Defendant __SHELDON LEWIS KRESLER__

Case Number __83-6729CF10-A__

# SENTENCE

(as to Count __I__ )

The Defendant being personally before this Court, accompanied by his attorney, __MICHAEL PARIS__

_____, and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown

*(Check either provision if applicable)*

☐ and the Court having on _____ (date) deferred imposition of sentence until this date

☐ and the Court having placed the Defendant on probation and having subsequently revoked the Defendant's probation by separate order entered herein.

**IT IS THE SENTENCE OF THE LAW** that,

☐ The Defendant pay a fine of $ _____ plus $ _____ at the 5% surcharge required by F.S. 960 25

☒ The Defendant is hereby committed to the custody of the Department of Corrections

☐ The Defendant is hereby committed to the custody of the Sheriff of Broward County, Florida.
*(Name of local corrections authority to be inserted at printing, if other than Sheriff)*

To be imprisoned (check one, unmarked sections are inapplicable)

☐ For a term of Natural Life

☒ For a term of __FIFTEEN (15) YEARS__

☐ For an indeterminate period of 6 months to _____ years

*If "split" sentence complete either of these two paragraphs*

☐ Followed by a period of _____ on probation under the supervision of the Department of Corrections according to the terms and conditions of probation set forth in a separate order entered herein

☐ However, after serving a period of _____ imprisonment in _____, the balance of such sentence shall be suspended and the Defendant shall be placed on probation for a period of _____ under supervision of the Department of Corrections according to the terms and conditions of probation set forth in a separate order entered herein

## SPECIAL PROVISIONS

By appropriate notation, the following provisions apply to the sentence imposed in this section

*Firearm — 3 year mandatory minimum*

☒ It is further ordered that the 3 year minimum provisions of F.S. 775.087(2) are hereby imposed for the sentence specified in this count, as the Defendant possessed a firearm

*Drug Trafficking — mandatory minimum*

☐ It is further ordered that the _____ year minimum provisions of F.S. 893.135(1)( )( ) are hereby imposed for the sentence specified in this count

*Retention of jurisdiction*

☐ The Court pursuant to F.S. 947.16(3) retains jurisdiction over the defendant for review of any Parole Commission release order for the period of _____. The requisite findings by the Court are set forth in a separate order or stated on the record in open court

*Habitual Offender*

☐ The Defendant is adjudged a habitual offender and has been sentenced to an extended term in this sentence in accordance with the provisions of F.S. 775.084(4)(a). The requisite findings by the court are set forth in a separate order or stated on the record in open court

*Jail Credit*

☒ It is further ordered that the Defendant shall be allowed a total of __616 DAYS__ credit for such time as he has been incarcerated prior to imposition of this sentence. Such credit reflects the following periods of incarceration (optional)

*Consecutive/Concurrent*

It is further ordered that the sentence imposed for this count shall run ☐ consecutive to ☐ concurrent with (check one) the sentence set forth in count _____

*Consecutive/Concurrent (As to other convictions)*

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run ☐ consecutive to ☒ concurrent with (check one) the following

☐ Any active sentence being served

☒ Specific sentences __WEST PALM BEACH COUNTY CASE NO. 83-4800CF10__
__AND ALABAMA CASE NO. 4-7098__ _____

In the event the above sentence is to the Department of Corrections, the Sheriff of Broward County, Florida is hereby ordered and directed to deliver the Defendant to the Department of Corrections together with a copy of this Judgment and Sentence.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency. __ORDERS__

In imposing the above sentence, the Court further ~~recommends~~ __THE SENTENCE TO BE SERVED IN THE STATE OF ALABAMA__

**DONE AND ORDERED** in Open Court at Broward County, Florida this __17th__ day of __JANUARY__ A.D. 19 __85__.
BROWARD COUNTY, FLORIDA

JUDGE

118