Original,
No. 5838.

PETITION OF FRANCIS T. LEMIEUX.

Submitted November 7, 1968.
Decided December 31, 1968.

*Francis T. Lemieux,* pro se (by brief).

*George S. Pappagianis,* Attorney General and *Norman E. D'Amours,* Assistant Attorney General (by brief), for the State of New Hampshire.

GRIFFITH, J. This is a petition for a writ of mandamus directed against the judge of the Manchester district court. The allegations in the petition are as follows. In June of 1966 a warrant of arrest was issued against Francis T. Lemieux charging him with breaking, entering and larceny, a felony under New Hampshire law.

On May 23, 1966 Francis T. Lemieux after conviction of assault by the Maine Superior Court was sentenced by that court to not less than one and one-half years to not more than five years in Maine State Prison. He is still serving that sentence.

On November 17, 1966 a detainer was filed at the Maine State Prison based upon the New Hampshire warrant above referred to. On October 16, 1967 the petitioner was denied parole by the Maine Probation and Parole Board and the petition alleges that this denial of parole was a result of the New Hampshire detainer.

The Maine conviction was reviewed on habeas corpus proceedings initiated by the petitioner and upheld in *Lemieux v. State,* 240 A. 2d 206 (Me.). A petition for habeas corpus was filed in June of 1968 in the United States District Court of Maine and is still pending. It does not appear in the present petition whether the petition in the United States District Court is concerned with the Maine conviction or the subject matter of the

present petition. We have assumed that it relates to the Maine conviction and not to the detainer lodged by New Hampshire authorities.

The petition seeks to have this court require the district court of Manchester to tell the prosecuting authorities that the petitioner desires to have his case disposed of without delay or in the alternative that this court require the district court to dismiss the action.

This state enacted in 1959 an "Agreement on Detainers . . . with all other jurisdictions legally joining therein." RSA ch. 606-A (supp). The purpose of the statute was to secure the speedy trial of persons incarcerated in jurisdictions that enacted similar statutes. The prosecuting authorities under RSA ch. 606-A (supp) have no duty to respond to a request for a speedy trial filed in accordance with the statute unless the state of incarceration is a jurisdiction which has enacted similar legislation. The State of Maine has not adopted an Agreement of Detainers Act and a request for a speedy trial filed in accordance with our statute could not be granted. *Quinlan* v. *Bussiere,* 106 N. H. 527.

*Dickey* v. *Circuit Court,* 200 So. 2d 521 (Fla.) relied upon by the petitioner is similar to the case of *Commonwealth* v. *McGrath,* 205 N. E. 2d 710 (Mass.) relied upon by petitioner in *Quinlan* v. *Bussiere, supra.* Both involve cases where the defendants were serving time in a federal prison and there was an offer by the federal authorities to deliver the defendant if appropriate costs were paid.

*Petition dismissed.*

All concurred.