Cheshire
No. 84-538

## THE STATE OF NEW HAMPSHIRE

### v.

### MICHAEL B. McGANN

March 28, 1985

*Stephen E. Merrill*, attorney general (*Tina Schneider*, attorney, on the brief and orally), for the State.

*Malloy & Sullivan P.C.*, of Manchester (*Donald A. Kennedy* on the brief and orally), for the defendant.

BATCHELDER, J.   The defendant, Michael B. McGann, moved to dismiss eight pending indictments pursuant to the Interstate Agreement on Detainers (IAD), RSA chapter 606-A. The Superior Court (*Gray*, J.) transferred without ruling to this court questions relating to that motion.

I. *Facts*

The defendant was released on bail pending trial on nine indictments in New Hampshire dating back to 1981, 1982, and 1983. In December 1983, while on bail for these indictments, the defendant was sentenced to the Massachusetts Correctional Institute in Concord, Massachusetts (MCI-Concord) for receiving stolen property within the Commonwealth of Massachusetts.

On December 29, 1983, the Cheshire County Attorney lodged detainers against the defendant with MCI-Concord officials. On or about February 3, 1984, and prior to February 9, 1984, the defendant executed and delivered to an appropriate official, pursuant to Article III of the IAD, the forms required to trigger the provisions of the IAD. Additional forms required by the IAD were prepared

and signed by the warden at MCI-Concord and bear the same date of February 3, 1984.

On February 9, 1984, the defendant was transferred from MCI-Concord to the Massachusetts Correctional Institution in Gardner, Massachusetts (MCI-Gardner). Through no fault of the defendant, the forms did not follow the defendant to MCI-Gardner, nor were they promptly forwarded to the Cheshire County Superior Court or County Attorney as required by the IAD.

On April 24, 1984, the defendant's request for disposition of pending indictments was received by the Cheshire County Superior Court and was forwarded to the Cheshire County Attorney's office.

Hearings on pending motions and trial on the merits of the two earlier indictments were scheduled, respectively, in Cheshire and Sullivan Counties during the period December 1983–April 1984. Because the defendant was incarcerated in Massachusetts and asserted his right to be present at all hearings, those matters were continued.

On May 14, 1984, the earliest indictment was dismissed when the State failed to transport the defendant from Massachusetts to New Hampshire for trial on that date. On June 6, 1984, the defendant was transported to New Hampshire under the temporary custody provisions of the IAD.

Trial was scheduled in the Cheshire County Superior Court on the then second oldest indictment for the weeks of June 11 and 18, 1984. A jury was impaneled on June 11, 1984, and a hearing on defendant's motion to suppress ensued. On June 14, 1984, after hearing, the court submitted by interlocutory transfer without ruling issues raised in the motion to suppress. The order continued the trial until defense counsel filed his election as to whether trial on all subsequent indictments would proceed or await the outcome of the transferred motion to suppress. The defendant did not object to this order.

By letter dated June 28, 1984, and received July 2, 1984, by the superior court, the defendant, in response to the court's order, elected to await the outcome of the transfer on one indictment and to proceed to trial on four others. The letter was silent as to a sixth indictment.

On July 30, 1984, we declined to accept the interlocutory transfer on the motion to suppress. On August 7, 1984, the Cheshire County Superior Court substantially denied the motion to suppress.

In the interim, on July 18, 1984, one indictment was scheduled for trial commencing September 10, 1984. The other five indictments have never been scheduled for trial.

Meanwhile, a separate indictment, which had been transferred to Sullivan County Superior Court, came on for motion hearings and trial on July 16, 1984. After conducting a hearing on the State's motion for production of information and deposition (filed December 15, 1983, but not heard due to defendant's unavailability), the court took the matter under advisement and continued the trial. On August 21, 1984, the court denied the motion, with trial rescheduled for October 1, 1984.

On August 6, 1984, the defendant moved to dismiss all pending indictments on the ground that more than 180 days had passed, in violation of the defendant's rights under the IAD.

On September 7, 1984, the court dismissed all pending indictments. The State moved to reconsider on September 12, 1984. After a hearing, the court, on October 3, 1984, vacated its prior order and ordered the issues contained therein transferred to this court without ruling. The defendant filed his timely exception to the trial court's October 3, 1984, order. The defendant remains in the custody of the State of New Hampshire, confined at the Cheshire County House of Correction.

## II. *Application of the IAD to the Facts*

■ The first question is whether the IAD applies where a defendant has been indicted, arraigned, and released on bail prior to his out-of-State confinement. The provisions of the IAD may be invoked by the defendant "[w]henever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and *whenever* during the continuance of the term of imprisonment *there is pending* in any other party state any untried indictment, information or complaint. . . ." RSA 606-A:1, art. III(a) (emphasis added). This language is sufficiently broad to include those indictments arising before incarceration in the sending State (here, Massachusetts) and those for which the defendant has been released on bail in the receiving state (here, New Hampshire). The statute does not suggest any exclusion.

■ Further, applying the IAD in these situations would be more consistent with the stated purposes in Article I "to encourage the expeditious and orderly disposition of such charges and determination of the proper status *of any and all* detainers based on untried indictments, informations or complaints." RSA '606-A:1, art. I (emphasis added). Thus, the IAD applies to these indictments.

The next question is when the 180-day period allowed for the prisoner to be brought to trial on an indictment begins to run. RSA 606-A:1, article III(a) provides that a prisoner:

"shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint . . . ."

In this case, we find it unnecessary to resolve whether the 180-day period commenced on the date on which the defendant delivered his papers to MCI-Concord officials, February 3, 1984, or the date on which the papers were received in New Hampshire, April 24, 1984. Using either date, with allowances for continuances and tolling as discussed below, still permits the trial to proceed.

The other transferred questions raise interrelated issues of whether the IAD contemplates the final disposition of all pending indictments, whether any of a variety of acts or omissions of the defendant waived the 180-day limit, and whether the running of the IAD 180-day period was tolled by the actions taken in this case. Each issue is discussed below.

The IAD states that the defendant shall be brought to trial within the specified 180-day period "provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." RSA 606-A:1, art. III(a). RSA 606-A:1, article III(d) provides that:

"Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner . . . . If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

RSA 606-A:1, article VI(a) then states:

"In determining the duration and expiration dates of the time periods provided in Article III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter."

The firm rules from the foregoing statutes are: (1) that the defendant be brought to trial within 180 days (plus extensions for continuances and tolling); (2) that a request for final disposition operates as a request for final disposition of all detainers lodged by the State against the defendant; and (3) that return of the prisoner to the custodial sending State works a dismissal of all undisposed charges.

█ In response to the third transferred question in this case, nothing in the IAD requires that the defendant be brought to trial on each and every indictment within the 180 days if trial of the other indictments is continued, if the statute is tolled as to those indictments, or if trial is commenced within 180 days on one indictment and subsequent trials are commenced within a reasonable time after resolution of the first trial. *See Stroble v. Egeler*, 408 F. Supp. 630, 635 (1976), *rev'd on other grounds*, 547 F.2d 339 (6th Cir. 1977), *cert. denied*, 440 U.S. 940 (1979).

██ Despite this rule, the 180-day limit remains a potent and valuable right of a defendant. Multiple charges, where possible, should be consolidated for trial. Where the defendant asserts his rights to be present at one trial, the defendant will be unable to stand trial at the same time on other charges, and the 180-day limit is tolled as to the second trial. *Stroble*, 408 F. Supp. at 635 n.4; *cf. State v. McDuffee*, 123 N.H. 184, 187–88, 459 A.2d 251, 254 (1983) (defendant's constitutional right to speedy trial is not infringed where defendant asserts his rights to severance of trials and objects to State's motions to consolidate charges for trial). If the State cannot conduct two trials simultaneously, the statute is not tolled unless the State obtains a continuance until resolution of the first trial.

█ Delays in bringing defendant to trial caused by defendant's request or a delay to accommodate the defendant are not counted toward the time limit. *People v. Cook*, 95 Mich. App. 645, 653–54, 291 N.W.2d 152, 156–57 (1980) (delay caused by negotiations initiated by defendant regarding his possible cooperation in police investigation); *People v. McLemore*, 95 Mich. App. 536, 558, 291 N.W.2d 109, 119 (1980) (stay of proceedings ordered by trial court pending appeal of suppression order is reasonable continuance), *rev'd on other grounds*, 411 Mich. 691, 311 N.W.2d 720 (1981).

█ The defendant may also waive his IAD right to trial within 180 days. In *Scrivener v. State*, 441 N.E.2d 954, 956 (Ind. 1982), the trial court, thirty-five days before the expiration of the 180-day limit, set a date for trial twenty-nine days beyond the limit. The court held that the defendant's failure to object to this trial date

precluded him from having the information against him dismissed under the IAD.

■■ The fact that a delay is not called a "continuance" is not controlling as to its character as a continuance, nor is the reasonableness of the period of delay limited to the delay requested by a party. *See Simakis v. Dist. Ct.*, 194 Colo. 436, 440, 577 P.2d 3, 5–6 (1978). In *Simakis*, the court granted a one-month delay in trial in response to the defendant's request for ten days in which to file motions. The court held that the delay was a "continuance," despite the absence of a label, and subtracted the entire delay ordered, and not just the ten days requested, from the trial date to measure compliance with the 180-day limitation.

In this case, trial on one indictment was scheduled for the weeks of June 11 and 18, 1984. The jury was impaneled on June 11, 1984. Even if the 180-day period commenced on February 3, 1984, trial on this indictment was to have commenced well before the expiration of the 180-day limit.

The June 11, 1984, hearing on defendant's motion to suppress was initiated by the defendant and therefore tolls the running of the 180-day limitation. The June 14, 1984, decision by the court to transfer without ruling to this court the issues raised in the motion to suppress constitutes a continuance of the matter until resolution of the motion to suppress.

The June 14, 1984, order effectively continued the trial of the six indictments until defense counsel's response and until there had been a reasonable time for the court to act in response to defendant's election.

The eighteen days between the June 14, 1984, order and the court's receipt of the attorney's reply on July 2, 1984, plus a reasonable period for court response, are to be deducted from any delay in bringing the six indictments to trial.

The defendant's election to await the outcome of the motion to suppress as to one indictment, and his silence on another, tolled the running of the 180-day limitation until resolution of the motion to suppress. The tolling for these two indictments relates back to June 11, 1984, the date of *commencement* of the hearing on the motion to suppress.

The motion to suppress was denied by the superior court, on August 7, 1984. Thus, as to the three indictments hinging on that motion, the period from June 11 through August 7 is to be deducted from the total delay.

On August 6, 1984, the defendant filed a motion to dismiss all the indictments against him on the ground that the 180-day period

mandated by RSA chapter 606-A had passed. This motion tolled the 180-day limitation as to all indictments until resolution of the motion to dismiss. Though the motion was initially granted on September 7, 1984, the court, upon the State's motion, vacated the dismissal order and transferred the issues presented to this court. The 180-day limitation will accordingly be tolled from August 6, 1984, until the resolution of all the issues on the motion to dismiss in the superior court in light of today's decision and any other necessary proceedings incident to that motion.

Concerning the indictment pending in Sullivan County, the superior court's July 16, 1984, decision to take the State's motion for production of information and deposition under advisement and to continue the trial was a reasonable continuance under the IAD. When the court denied the motion on August 21, 1984, the 180-day limitation would again have begun to run but for the August 6, 1984, motion to dismiss all pending indictments.

Trial on all pending indictments is not barred in this case by the 180-day IAD limitation, regardless of whether that period began on February 3, 1984, or on April 24, 1984.

*Remanded.*

All concurred.