Appellant, Kevin Saffold, was indicated and convicted for possession of cocaine. He was sentenced to ten years' imprisonment.
Wesley Woodman, an investigator in the narcotics division of the City of Dothan Police Department, received information on June 9, 1986, at approximately 6:00 p.m., that a drug transaction was being conducted from an automobile. Woodham was provided a description of the car and a description of the driver of the car.
Approximately an hour later, Woodham saw the car, ran a license check on it and found that it was registered in appellant's mother's name. Woodham followed the car into the parking lot of a housing project. The driver of the car stopped the car and stepped out of it. Woodham placed his blue light on the cash, flashed his badge out of the window of the car and shouted to the driver that he wanted to speak to him. In response to Woodham's shout, the driver turned to face him. Woodham recognized the driver to be the appellant, Kevin Saffold. Upon seeing Woodham, appellant reached inside his car, pulled out a revolver and fled.
After calling for and receiving assistance, Woodham secured the area and approached appellant's car. The engine was running and the car's door was open. Looking inside the car, Woodham saw an open black bag on the passenger's seat. Upon examining the bag, Woodham found a set of scales, a small clear plastic container that contained a white powdery substance and a pair of hemostat scissors. The white powdery substance was later determined to be cocaine.
 I
Appellant initially contends his indictment should have been dismissed because the state failed to bring him to trial within the 180-day period prescribed under Article III(a) of the Uniform Mandatory Disposition of Detainers Act, § 15-9-81, Code of Alabama 1975, which provides, in pertinent part, the following:
 "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provided, that for good cause shown in open court, the prisoner *Page 1370 
or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. . . ."
A review of the record discloses the following chronology of events relevant to appellant's contention:
 June 10, 1986 — Complaint filed against appellant, charging him with possession of cocaine.
 August 20, 1986 — Pursuant to a detainer placed on appellant by the Dothan Police Department, Texas Department of Corrections notified Dothan Police Department that appellant was imprisoned in a Texas penitentiary.
 August 25, 1986 — Appellant notified the Texas authorities of his Request for Disposition of Indictments, Informations or Complaints.
 September 2, 1986 — Texas Department of Corrections forwarded, to the District Court Clerk of Houston County, Alabama, by certified mail, appellant's Request for Disposition of Indictments, Informations or Complaints; a Certificate of Inmate Status; and an Offer to Deliver Temporary Custody.
 September 6, 1986 — District Court Clerk of Houston County received appellant's notices.
 September 8, 1986 — Houston County district attorney's office received appellant's notices. This triggered the running of the 180-day period. State v. Braswell, 194 Conn. 297, 481 A.2d 413 (1984), cert. denied, 469 U.S. 1112
(1985) (180-day time limit begins to run when prisoner's request is received by the prosecuting authorities in the state which filed the detainer).
 November 12, 1986 — Appellant was returned to Houston County.
 November 14, 1986 — Honorable James Ward was appointed to represent appellant.
 November 18, 1986 — Appellant filed a request for a preliminary hearing.
 November 21, 1986 — A preliminary hearing was held.
 December 1, 1986 — Honorable James Ward moved to withdraw as appellant's counsel.
 December 12, 1986 — Appellant was indicted by the December Term of the Houston County Grand Jury.
 January 5, 1987 — Honorable Henry Binford was appointed to represent appellant, and appellant entered a plea of not guilty. His case was set for trial during the March 16, 1987 term of court.
 February 10, 1987 — Appellant filed a motion for speedy trial. Court ordered clerk to set the trial for the next criminal jury docket and to notify the parties of the trial date. In response to other motions filed, the court ordered that, within 14 days, the prosecution was to give appellant a sample of the alleged contraband and that evidence which was discoverable.
 February 17, 1987 — Honorable Henry Binford's motion to withdraw filed on this date was granted, and Honorable Phyllis Logsdon was appointed to represent appellant. Binford's reason for withdrawing was that he had been employed as a full-time assistant district attorney.
 March 6, 1987 — Appellant filed a motion to suppress all evidence seized as a result of the search of the vehicle.
 March 7, 1987 (Saturday) — This date was the 180th day of the statutory period.
 March 17, 1987 — The trial court ordered that appellant's motion to suppress was to be heard on trial day.
 March 19, 1987 — Case called for trial. Appellant filed a motion to dismiss the indictment for failure of the state to prosecute within the 180-day time limit. Court denied appellant's motion. Appellant was tried and convicted by a jury for possession of cocaine.
The total period of time from September 8, 1986, to March 19, 1987, was 192 days, 12 days beyond the prescribed 180-day time limit. Appellant argues that this 12-day delay is ground for dismissal because the disposition of the case was not timely in *Page 1371 
accordance with the mandatory provisions of Article III(a).
The discussion between the trial court and counsel on appellant's motion to dismiss revealed that from two days after appellant was returned to Alabama on November 12, 1986, until he was tried on March 19, 1987, he was appointed three different attorneys. The following discussion occurred during the hearing:
 "THE COURT: He was appointed a lawyer on November 14th, Mr. James Ward, by Judge McFatter.
 "His lawyer, James A. Ward, III, requested a preliminary hearing for him. That request was in writing and was filed into the Circuit Clerk's office on November 18, 1986.
 "Then a motion to withdraw as counsel was filed on December 1, 1986. It says in words and substance that the defendant appears to have no confidence in his appointed counsel, and his attempts to instruct counsel on how his case should be tried, and the attorney cannot represent defendant adequately if he cannot practice freely without instructions from the defendant.
 "That irreconcilable differences have developed between the defendant and his attorney, and that his attorney can no longer represent the defendant in the case.
". . .
 "Henry Binford was his lawyer and made some motions as late as February of '87 — motion for a speedy trial, motion for a scientific examination on alleged drugs, and motion for bail reduction, motion for discovery, and then a motion to withdraw, and it was granted by Judge White.
"Then you were appointed on February 17th?
"MS. LOGSDON: Yes, sir.
". . .
 "THE COURT: I could read into this that the Court has exercised impliedly its discretion to grant necessary and reasonable continuances of the matter in light of the fact that the Court did not terminate the proceedings at the end of the 180-day period. So, Judge McFatter's orders may be construed as reasonable continuances.
"Then, we have had numerous motions made.
"So, I am going to deny the motion to dismiss."
The 180-day period may be tolled or otherwise exceeded for three reasons: (1) to allow the trial court to grant any necessary and reasonable continuance for good cause shown in open court with the defendant or his counsel present, §15-9-81, Art. III(a); (2) for as long as the defendant is unable to stand trial, § 15-9-81, Art. VI(a); or (3) for any period of delay in bringing the defendant to trial caused by the defendant's request or to accommodate the defendant, Peoplev. Grubbs, 39 Colo. App. 436, 570 P.2d 1299 (1977); State v.McGann, 126 N.H. 316, 493 A.2d 452 (1985). "The fact that a delay is not called a 'continuance' is not controlling as to its character as a continuance, nor is the reasonableness of the period of delay limited to the delay requested by a party." 493 A.2d at 456. See also State v. Burrus, 151 Ariz. 572,729 P.2d 926 (Ct.App.), aff'd in pertinent part, 151 Ariz. 581,729 P.2d 735 (Sup.Ct. 1986).
In this instance, the court was authorized to find that the 180-day time limit was tolled by the delays occasioned by appellant's pretrial motions. See Cobb v. State, 244 Ga. 34,260 S.E.2d 60 (1979). When the court takes a motion filed by the defendant under advisement, a continuance is implicitly granted and the period tolled for a reasonable time until a ruling is made. United States v. Hines, 717 F.2d 1481 (4th Cir. 1983); State v. Finley, 277 S.C. 548, 290 S.E.2d 808 (1982). The record before us supports the finding that various delays were consented to by appellant as an accommodation to him and, thus, the 180-day time period was tolled. For example, the running of time was tolled for 14 days by appellant's request for discovery, and it was further tolled on March 6, 1987, by the filing of appellant's motion to suppress. Clearly, when these delays are deducted *Page 1372 
from the 12-day excess, appellant's trial was timely.
Moreover, it is not surprising that appellant's trial was held beyond 180 days, given the circumstances; we find that appellant's "irreconcilable differences" with his first attorney tolled the running of the statutory period. It is certainly appropriate to attribute this delay to appellant. Cf.Naughton v. State, 453 A.2d 796 (Del. 1982) (delay caused by defendant's problem in obtaining representation attributed to defendant); State v. Moosey, 504 A.2d 1001 (R.I. 1986) (change of counsel by defendant caused delay which was allowed by trial court in order to protect the defendant's rights and, thus, was not the kind of delay that the Act was designed to protect against). Furthermore, it is clear that the setting of his case when his new counsel (Binford) was appointed for the March term of court was, in effect, a reasonable continuance for his benefit since, up to that point in time, it appears that no one had actively prepared the case for the defense. Id. From defense counsel's statement that the court held two terms during the period between January 5 and appellant's trial and from the court's statement on February 10 that appellant's trial would be scheduled for the "next criminal jury docket," we conclude that the court was in session once between January 5 (when appellant was arraigned and new counsel was appointed to appellant due to irreconcilable differences with his original counsel) and February 10. It would hardly have been beneficial to appellant to have his trial scheduled within the month of that appointment. Appellant sought to benefit from the delay; this delay was allowed in order to protect appellant's rights. We will not allow him now to claim that he is aggrieved under the Act by this delay.
Finally, we find that appellant waived the 180-day limitation. In Gillard v. State, 486 So.2d 1323, 1327
(Ala.Cr.App. 1986), we find the following: "We are inclined toward the majority view that the rights afforded a prisoner under the agreement do not rise to the level of constitutionally guaranteed rights and can be waived." See alsoToro v. State, 479 So.2d 298 (Fla.Dist.Ct.App. 1985); Pethtelv. State, 427 N.E.2d 891 (Ind.App. 1981). Cf. Tombrello v.State, 484 So.2d 1190 (Ala.Cr.App. 1985) (wherein the court held that the appellant, by pleading guilty, waived the nonjurisdictional defect of a violation of the Act); Davis v.State, 469 So.2d 1348 (Ala.Cr.App. 1985) (same).
As noted above, on January 5, 1987, the court set appellant's trial for the March 16, 1987, term of court, and on February 10, 1987, the court set appellant's trial for the "next criminal jury docket," a known and ascertainable date. Appellant had different counsel on these two occasions. Significantly, we can only conclude from the record that both attorneys neither objected to the trial date at the time it was set nor objected during the days remaining under the 180-day time limit. If either had done so, the trial court could have set an appropriate trial date or granted a "necessary or reasonable continuance." Instead of putting the court on notice, appellant waited until the 180-day time limit had elapsed.
We construe appellant's silence, on both occasions when the trial court set the trial date, to be his acquiescence.Pethtel, 427 N.E.2d at 894. We find like treatment in Scrivenerv. State, 441 N.E.2d 954, 956 (Ind. 1982), where 35 days before the 180-day period expired, the trial court set the cause for trial 29 days beyond the 180-day period. The court, in adoptingPethtel, held that the appellant's failure to object to the trial date when it was set, on or before the expiration of the 180-day period, precluded him from having the information dismissed. See also State v. McGann, 493 A.2d at 456.
Here, although we recognize that there is authority to the contrary, see, e.g., Brown v. Wolff, 706 F.2d 902 (9th Cir. 1983), we find a waiver of appellant's rights.
 " '. . . The courts are under legal and moral mandate to protect the constitutional rights of accused persons, but this should not entirely relieve them from acting reasonably in their own behalf. We will vigorously enforce the right to a *Page 1373 
speedy trial, but we do not intend that accused persons should escape trial by abuse of the means that we have designed for their protection.' Utterback v. State, [(1974) 261 Ind. 685, 688, 310 N.E.2d 552, 554]."
Id. (quoting State ex rel. Wickliffe v. Judge of CriminalCourt, 263 Ind. 219, 222, 328 N.E.2d 420, 422 (1975)). The Act provides a procedure for timely and orderly disposition of detainers. In this case, this purpose was served. To order appellant's release under the facts before us would call for distortion of the Act's provisions.
 II
Appellant next contends that the prosecution failed to establish that he had constructive possession of the cocaine found in the vehicle and, more particularly, that he knew of the presence of the cocaine.
Constructive possession arises only where the illegal substance is found on premises owned or controlled by the accused. Campbell v. State, 439 So.2d 718 (Ala.Cr.App.), rev'don other grounds, 439 So.2d 723 (Ala. 1983). When constructive possession is relied upon, as it is here, the prosecution must prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance. Yarbrough v.State, 405 So.2d 721 (Ala.Cr.App.), cert. denied, 405 So.2d 725
(Ala. 1981). When the accused is not in exclusive possession of the premises, this knowledge may not be inferred unless there are other circumstances tending to buttress this inference.Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1978). Some evidence which connects the defendant with the contraband is required. Grubbs v. State, 462 So.2d 995 (Ala.Cr.App. 1984).
The evidence offered by the prosecution to establish appellant's constructive possession of the cocaine is based largely on circumstantial evidence; therefore, we must view that evidence in the light most favorable to the prosecution.Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied,368 So.2d 877 (Ala. 1979).
In the instant case, the prosecution's evidence consisted of the following:
A phone call which led the police to believe that a drug transaction was being conducted from an automobile; a license check which showed that the car belonged to appellant's mother; the investigator's identification of appellant and the automobile as matching the description given; appellant's action in reaching inside the car and pulling out a revolver; appellant's flight from the scene; and an open black bag with scales, cocaine, and scissors on the passenger seat of the car.
The evidence before the jury, when the appellant made his motion for acquittal, was sufficient to authorize the submission of the issue of appellant's guilt to the jury. "[W]hen the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown (even by circumstantial evidence), along with any other incriminating evidence, the issue of defendant's guilt should be submitted to the jury." German v. State,429 So.2d 1138, 1143 (Ala.Cr.App. 1982).
 III
We have reviewed the remaining contentions raised in appellant's brief and find that they are without merit.
AFFIRMED.
All Judges concur.