The appellant, Mark Vincent Boswell, was convicted, after a bench trial in district court, of possession of marijuana in the second degree, a violation of § 13A-12-214(a), Code ofAlabama 1975. He was sentenced to one year in prison, which was suspended for two years, to be spent on probation. This appeal comes directly to us without benefit of a trial de novo in circuit court due to our Supreme Court's granting appellant's petition for writ of mandamus so that he could appeal his district court conviction directly to this court.558 So.2d 918.
On appeal the appellant argues that the state's evidence was insufficient to convict him for constructive possession of marijuana. In order for the state to prove possession, either actual or constructive, it must show: "(1) Actual or potential physical control, (2) intention to exercise dominion, and, (3) external manifestations of intent and control." White v. State,479 So.2d 1368, 1370 (Ala.Cr.App. 1985). When the doctrine of constructive possession is applied, direct proof is not required and "possession may be established by an adequate showing of surrounding facts and circumstances." Franklin v.State, 437 So.2d 609, 611 (Ala.Cr.App. 1983).
The exercise of control does not have to be at the time of the arrest. See Hamilton v. State, 496 So.2d 100 (Ala.Cr.App. 1986).
 " 'The apparent purpose of a constructive possession doctrine is expansion of the scope of possession statutes to encompass those cases where actual possession at the time of the arrest cannot be shown, but "where the inference that there has been possession at one time is exceedingly strong." ' " (citation omitted).
Hamilton, 496 So.2d at 104.
As this court stated in Saffold v. State, 521 So.2d 1368
(Ala.Cr.App. 1987), "When constructive possession is relied upon, as it is here, the prosecution must prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance." Saffold, 521 So.2d at 1373. Such knowledge necessary to find the appellant guilty of constructive possession may be inferred. See Saffold.
The state's evidence established that the appellant was present in the house when the police executed their search warrant. Mail and receipts addressed to the appellant at that address were in the house. Marijuana was found in one of the bedrooms and in the living room closet. The marijuana found in the bedroom was a plant. The marijuana found was in several locations throughout the house. A purple bong pipe, and one pair of hemostats with a marijuana roach clip attached, were also found in the house.
There was sufficient evidence to "support a rational inference" by the judge "that appellant had knowledge of the contraband." Grubbs v. State, 462 So.2d 995, 998 (Ala.Cr.App. 1984). Therefore, no error occurred in this case.
For the foregoing reasons, the judgment of the district court is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 820