Grafton
No. 93-769

## THE STATE OF NEW HAMPSHIRE

v.

## JOHN DOLBEARE

August 1, 1995

*Jeffrey R. Howard*, attorney general (*John P. Kacavas*, assistant attorney general, on the brief and orally), for the State.

*Joachim Barth*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. The sole question presented in this appeal is whether the defendant, John Dolbeare, waived his statutory right under the interstate agreement on detainers (IAD), RSA 606-A:1 (1986), to a speedy disposition of the charges pending against him in New Hampshire. The Superior Court (*Smith*, J.) granted the defendant's motion to dismiss his indictment, rejecting the State's argument that the defendant had waived his statutory speedy trial right by filing and subsequently withdrawing a notice of intent to plead guilty and a speedy trial waiver. We affirm.

On August 16, 1990, a Grafton County grand jury indicted the defendant for theft by unauthorized taking, RSA 637:3 (1986). In December 1992, the defendant was incarcerated in Massachusetts on a different charge. Pursuant to the IAD, on February 2, 1993, the defendant "caused to be delivered" a request for a final disposition to be made of his theft indictment. This action by the defendant obligated the State to bring him to trial within 180 days. *See* RSA 606-A:1, art. III(a). A custodial official in Massachusetts granted his request, and the defendant was received in New Hampshire on April 13. The defendant's trial was scheduled for the weeks of June 7 and June 14.

On June 3, the defendant filed a "notice of intention to enter plea of guilty" in which he waived his "right to a speedy trial caused by this change in plea." On July 12, he withdrew his notice of intent to plead guilty and requested that he "be afforded his right to a speedy trial as guaranteed by both the Federal and State Constitutions." The defendant's trial was rescheduled for the weeks of October 4 and October 11. The defendant did not object to the rescheduled trial dates.

On September 17, the defendant moved to dismiss his indictment because the 180-day period had expired. *See* RSA 606-A:1, art. III(a). The State objected, arguing that the defendant had made "a calculated attempt to manipulate the system by agreeing to plead guilty just prior to jury selection and withdrawing his plea, knowing that there would be a significant delay in rescheduling," and therefore should not benefit from the speedy trial requirements of

the IAD. The superior court granted the defendant's motion, and the State appealed. *See* RSA 606:10, II(c) (1986).

■ The State's sole argument is that the defendant waived his statutory right to a speedy disposition of the theft indictment because he did not object to the rescheduled trial dates until after the prescribed time period had lapsed. We disagree.

The underlying facts are undisputed; our narrow task, therefore, is to review the trial court's decision for legal error. *Cf. Cross v. Warden, N.H. State Prison*, 138 N.H. 591, 593, 644 A.2d 542, 543 (1994), *cert. denied*, 115 S. Ct. 901 (1995).

Article III(a) of the IAD requires that a prisoner be brought to trial within 180 days after he has "caused to be delivered" a request for disposition of charges pending against him in another jurisdiction. RSA 606-A:1, art. III(a). The 180-day period may be extended only if the defendant waives his speedy trial right, *Johnson v. Stagner*, 781 F.2d 758, 763 (9th Cir. 1986); the defendant is unable to stand trial, RSA 606-A:1, art. VI(a); or the court grants a "necessary or reasonable" continuance "for good cause shown in open court, the prisoner or his counsel being present," RSA 606-A:1, art III(a). In the absence of a waiver, the defendant's inability to stand trial, or a proper continuance, the pending charges must be dismissed with prejudice if a prisoner is not brought to trial within the prescribed time period. RSA 606-A:1, art. V(c). The burden of compliance is on the government. *See United States v. Eaddy*, 595 F.2d 341, 345 (6th Cir. 1979).

A defendant may waive IAD rights. *State v. McGann*, 126 N.H. 316, 321, 493 A.2d 452, 456 (1985). Because the burden of compliance with the IAD provisions is on the government, however, "mere silence by the defendant and his attorney when the trial date is set does not amount to waiver." *People v. Allen*, 744 P.2d 73, 75 (Colo. 1987) (superseded by statute); *see Birdwell v. Skeen*, 983 F.2d 1332, 1340 (5th Cir. 1993). "The defendant did not have to demand that the prosecutor and the court comply with the IAD, as long as he did not affirmatively request that they follow a procedure inconsistent with it." *Allen*, 744 P.2d at 76-77; *see Brown v. Wolff*, 706 F.2d 902, 907 (9th Cir. 1983). "The contention made by the [State] would shift the burden of compliance with the provisions of the [IAD] away from the [prosecutor and the court], where Congress placed it, and onto the prisoner. This is contrary to the intent of the [IAD] and to [its] obligatory language . . . ." *Eaddy*, 595 F.2d at 345; *see Brown*, 706 F.2d at 907.

In the present case, the defendant waived his statutory speedy trial right only with respect to the thirty-nine days between the

filing and withdrawal of his notice of intent to plead guilty. *See United States v. Whiting* , 28 F.3d 1296, 1307 (1st Cir.), *cert. denied,* 115 S. Ct. 378, 498, 499, 532 (1994). Even when those thirty-nine days are subtracted from the calculated time period, the period exceeds the 180-day limit mandated by the IAD. The record does not indicate that the defendant was unable to stand trial or that the court held a formal hearing in the presence of the defendant or his counsel when it set a trial date beyond the 180-day period. We conclude that the indictment was properly dismissed.

■ We hold today that the IAD, RSA 606-A:1, art. III(a), requires the State to provide a trial within 180 days after a prisoner has "caused to be delivered" a request for a final disposition of his indictment. The burden of providing such a trial, after excluding days that are caused by the defendant's conduct, such as the thirty-nine days in this case, "plus a reasonable period for court response," *McGann,* 126 N.H. at 322, 493 A.2d at 457, is squarely on the shoulders of the State. *But see McGann,* 126 N.H. at 321-22, 493 A.2d at 456 (*dicta* citing *Scrivener v. State,* 441 N.E.2d 954, 956 (Ind. 1982)).

■ There may be situations where the prisoner attempts to manipulate the system (for example, where his trial is set on day 172, he files a "notice of intention to enter a plea of guilty" on day 171, and then withdraws the motion six days later). In such a case, the State would be severely hindered in bringing the prisoner to trial within 180 days. The statute, however, contemplates just such conduct by a prisoner. Such conduct would constitute "good cause" for a continuance, and pursuant to the IAD, the State could request one "in open court, the prisoner or his counsel being present." RSA 606-A:1, art. III(a). "[T]he court having jurisdiction of the matter [could then] grant any necessary or reasonable continuance." *Id.* No such continuance was sought in this case.

*Affirmed.*

THAYER, J., with whom BROCK, C.J., joined, dissented; the others concurred.

THAYER, J., dissenting: I disagree with the majority's holding that the actions of the defendant were not sufficient to constitute a waiver of his rights under the interstate agreement on detainers (IAD).

Initially, I disagree with the standard of review applied by the majority. Whether the defendant's conduct constituted a waiver under the IAD is a question of law, and is therefore subject to *de novo* review. *See State v. McGann,* 126 N.H. 316, 321-23, 493 A.2d

452, 456-57 (1985); *see also United States v. Black*, 609 F.2d 1330, 1333 (9th Cir. 1979), *cert. denied*, 449 U.S. 847 (1980). After reviewing the undisputed facts and applying to them the law as stated herein, I would find that the defendant waived his rights under the IAD.

"The protections of the IAD are not founded on constitutional rights, or the preservation of a fair trial," *Black*, 609 F.2d at 1334; therefore, they may be waived on a showing that the defendant did so voluntarily, *United States v. Odom*, 674 F.2d 228, 230 (4th Cir.), *cert. denied*, 457 U.S. 1125 (1982). We have previously recognized that a defendant may waive IAD rights, *McGann*, 126 N.H at 321, 493 A.2d at 456, but we have not addressed exactly what actions or inaction by the defendant are sufficient to constitute a waiver.

Other jurisdictions have held that defendants waive their rights under the IAD if they "affirmatively request[] to be treated in a manner contrary to the procedures prescribed by [the statute], . . . [or they] request[] a procedure inconsistent with [the statute's] provisions." *Odom*, 674 F.2d at 230 (quotation and citation omitted); *see also People v. Brown*, 854 P.2d 1332, 1335 (Colo. Ct. App. 1992) (citing cases), *cert. denied*, (Colo. July 12, 1993). When we addressed the issue of waiver in *McGann*, we cited approvingly *Scrivener v. State*, 441 N.E.2d 954 (Ind. 1982). *McGann*, 126 N.H. at 321-22, 493 A.2d at 456. In *Scrivener*, the Indiana Supreme Court held that a defendant's "failure to object to the trial date when it was set . . . preclude[d] him from having the [indictment] dismissed." *Scrivener*, 441 N.E.2d at 956. Other courts have reached similar conclusions. *See, e.g., State v. Suarez*, 681 S.W.2d 584, 586 (Tenn. Crim. App. 1984) (failure to object prior to trial constitutes waiver); *Johnson v. State*, 442 So. 2d 193, 196 (Fla. 1983) (IAD not self-executing). Moreover, the United States Supreme Court has held that failure of a defendant to object prior to trial to a trial date that exceeds the IAD statutory period may preclude collateral review of the issue. *Reed v. Farley*, 114 S. Ct. 2291, 2300 (1994).

The majority holds that mere silence by the defendant cannot be deemed a waiver because the burden of complying with the IAD rests on the State. In this case, the State complied with the IAD when they scheduled the defendant's trial for the weeks of June 7 and June 14. The defendant then took an affirmative action by filing the notice of intent to plead guilty and waiving his rights under the IAD. It was this affirmative action that resulted in the rescheduling of his trial date. This is not a case like *People v. Allen*, 744 P.2d 73, 74 (Colo. 1987), where the State never complied with the requirements of the IAD, and the defendant never took any affirmative

action to delay the trial. In the case at bar, the defendant's own action delayed the start of his trial. We have previously stated that when evaluating delays, "[t]he fact that a delay is not called a 'continuance' is not controlling as to its character as a continuance, nor is the reasonableness of the period of delay limited to the delay requested by a party." *McGann*, 126 N.H. at 322, 493 A.2d at 456. The State had scheduled a trial date for the defendant that complied with the requirements of the IAD. The defendant then took an affirmative action that resulted in a delay. Once the defendant took that action, his later failure to object to a trial date that exceeded the statutory period should act to waive his rights. *Cf. id.* at 322, 493 A.2d at 457 (defendant's silence tolled the IAD limits).

Even assuming that the majority's legal analysis is correct, and that the defendant's silence does not constitute a waiver, it has incorrectly calculated the appropriate tolling period for the defendant's action. The majority holds that only the period between when the defendant filed his notice and his subsequent withdrawal should be subtracted from the statutory period. In so doing, the majority overrules more than simply dicta in the *McGann* case. In *McGann*, we held that when calculating delays due to a defendant's actions, "the reasonableness of the period of delay [is not] limited to the delay requested by a party." *Id.* at 322, 493 A.2d at 456. Additionally, when calculating the tolling period of the IAD, we recognized that "a reasonable period for court response [should] be deducted from any delay in bringing the . . . indictments to trial." *Id.* at 322, 493 A.2d at 457. The appropriate measuring dates for determining the amount of time tolled by the defendant's request should run from the entry of his notice of intent to plead guilty on June 3, 1993, through at least the date on which the trial court rescheduled his trial, July 21, 1993. This would result in tolling the statute for forty-eight days, as opposed to thirty-nine, and would mean that the statutory period expired on September 24, 1993. The defendant's motion to dismiss, filed on September 17, 1993, again tolled the statutory period. *See id.* Therefore, the trial court improperly concluded that the State had failed to bring the defendant to trial within the statutory limits.

BROCK, C.J., joins in the dissent.