Strafford
No. 99-291

## THE STATE OF NEW HAMPSHIRE

v.

## LESTER SPRAGUE

April 24, 2001

*Philip T. McLaughlin*, attorney general (*Michael A. Delaney*, assistant attorney general, on the brief), for the State.

*Risa Evans*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Lester Sprague, appeals his convictions in Superior Court (*Mohl*, J.) for burglary, *see* RSA 635:1

(1996), arguing that his trial was untimely under the Interstate Agreement on Detainers (IAD). *See* RSA ch. 606-A (1986). We affirm.

The defendant was serving a sentence in Maine when he was indicted on the burglary charges at issue here. The State of New Hampshire lodged a detainer against him. The defendant, pursuant to the IAD, waived extradition and requested that the New Hampshire charges be resolved. The request was delivered to New Hampshire authorities on January 15, 1998. The defendant was transferred to New Hampshire for trial on March 10, 1998.

The defendant's trial was scheduled to begin the week of April 29, 1998. During jury selection, the defendant was brought to the courtroom in his prison clothes. The defendant's initial request that the case be continued for trial before an untainted jury pool was denied. On April 29, however, both parties requested a continuance. The defendant reiterated his concern that the jury had been tainted, and also alleged that he needed time to further investigate his former girlfriend because the State had advised him only that day that it had immunized her. The State sought a continuance to correct a pleading defect in one of the three indictments.

Trial was rescheduled for June 29, 1998. Because of scheduling problems at the court, the case was again rescheduled for September 14, 1998.

On September 2, 1998, the defendant moved to dismiss the indictments for failure to comply with the trial deadline under the IAD. Following a hearing, the Trial Court (*T. Nadeau*, J.) denied the motion to dismiss on September 4. The court ruled that the 180-day time period under the IAD ran from January 15, 1998, the date the State received the defendant's request, until September 14, 1998, a total of 241 days. Sixty-one days were tolled between the first and second trial dates (April 29, 1998 — June 29, 1998) because both parties had requested a continuance. As a result, the court ruled that a trial commencing September 14 would be timely.

The defendant moved to reconsider on September 10, pointing out that there are 242 days from January 15 to September 14, 1998. The court denied the motion the following day. The court agreed that it had miscalculated the number of days from January 15 to September 14. It ruled, however, that the IAD had also been tolled from September 2, the date the motion to dismiss was filed, to September 11, the date on which the court denied the motion to reconsider.

The IAD, RSA chapter 606-A, establishes procedures for resolution of one State's outstanding charges against a prisoner of another State. *See New York v. Hill*, 528 U.S. 110, 111 (2000). Its purpose is

to secure the speedy trial of people incarcerated in jurisdictions that have enacted similar statutes. *See Petition of Lemieux,* 109 N.H. 258, 259 (1968). As a congressionally sanctioned interstate compact, the IAD is a federal law subject to federal construction. *See Hill,* 528 U.S. at 111.

Article III(a) of the IAD requires that a prisoner be brought to trial within 180 days after he has "caused to be delivered" a request for disposition of charges pending against him in another jurisdiction. *See* RSA 606-A:1, art. III(a). "The 180-day period may be extended only if [1] the defendant waives his speedy trial right; [2] the defendant is unable to stand trial; or [3] the court grants a necessary or reasonable continuance for good cause shown in open court, the prisoner or his counsel being present." *Dolbeare,* 140 N.H. at 86 (quotations and citations omitted). "In the absence of a waiver, the defendant's inability to stand trial, or a proper continuance, the pending charges must be dismissed with prejudice if a prisoner is not brought to trial within the prescribed time period." *Id.*

Because this appeal presents both a mixed question of law and fact and a question of law, our standard of review is *de novo. See Birdwell v. Skeen,* 983 F.2d 1332, 1336 (5th Cir. 1993).

The defendant agrees that the 180-day period began to run on January 15, 1998. Furthermore, the parties agree that there are 242 days from January 15 to September 14, 1998. The defendant contends that the trial court erred by excluding the sixty-one days from April 29 to June 29, 1998, and the nine days from September 2 to September 11, 1998. The State argues that both the sixty-one days and the nine days should be excluded, but that even if the nine days are included, the State complied with the IAD because the 180th day would have been a Sunday, and the defendant was to be tried the next day.

The defendant argues that the trial court erred in excluding the sixty-one days that elapsed between the first and the second trial dates. According to the defendant, the time period should have been tolled only from April 29 until the next available jury selection or, at most, fifty days. Therefore, "to the extent that the court extended the continuance beyond the empaneling of the next available jury pool," the continuance was not "for good cause" and was not "reasonable or necessary." We disagree.

 Article III(a) of the IAD requires that the defendant "be brought to trial within the specified 180-day period provided that for good cause shown in open court, the prisoner or his counsel being

present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." *State v. McGann*, 126 N.H. 316, 320 (1985) (quotation omitted). Delays in bringing the defendant to trial caused by the defendant's request or a delay to accommodate the defendant are not counted toward the time limit. *See id.* at 322. The IAD also "allows for reasonable and necessary continuances in order to prevent either the State or the defendant from sacrificing adequate trial preparation." *State v. Brown*, 125 N.H. 346, 350 (1984). The reasonableness of the period of the delay is not limited to the delay requested by the party. *McGann*, 126 N.H. at 322.

■ The April 29, 1998 continuance, originally requested by the defendant, was apparently ultimately granted because the jury pool had seen the defendant in prison clothes, the defense wished to interview one of the State's witnesses who had recently been granted immunity, and the State wished to correct a pleading defect in one of the three indictments. Thus, the continuance was granted at the request of both the defendant and the State, and was granted for good cause.

The defendant's argument that the *length* of the continuance was unreasonable is also unpersuasive. The defendant argues that the trial should have been continued only until the next jury selection, *i.e.*, for fifty days. He asserts that there "is no indication in the record that the defendant requested or acceded to a continuance beyond that which was minimally necessary to address the issues which provided the basis for the continuance." The transcript from the April 29 hearing suggests otherwise; after the trial court agreed to grant a continuance, defense counsel indicated a preference that the trial be rescheduled for June rather than May.

Thus, under the circumstances of this case, we hold that a continuance of sixty-one days was not unreasonable. *See id.* at 350 (where continuances were requested by the defendant, two continuances of one month and one continuance of two months were not unreasonable). Therefore, the delay occasioned by the continuance should not be included in the 180-day period.

The defendant next argues that the trial court erred when it excluded the period from September 2 to September 11, 1998, from the 180 days. We need not address this issue because even if the defendant is correct, the trial court correctly concluded that the State complied with the IAD. *See State v. Tucker*, 145 N.H. 723, 725 (2001) (affirming on alternative grounds the trial court's ruling on the admissibility of a statement allegedly obtained in violation of *Miranda*).

The parties agree that there are 242 days from January 15 to September 14, 1998, the date the defendant was to be tried. We have determined that sixty-one days should be excluded. Excluding those sixty-one days, the 180th day would have been Sunday, September 13, 1998. The defendant was to be tried the next day.

■ "The words 'brought to trial' contained in Article III mean only that a proceeding must be initiated, not that the case must be finally disposed of." *State v. White*, 673 P.2d 1106, 1111 (Kan. 1983). The IAD does not provide any specific method for computing the 180-day period. Other jurisdictions party to the IAD have used local time computation provisions to extend the 180-day limit when the last day is a Saturday, Sunday or legal holiday. *See, e.g., United States v. Johnson*, 953 F.2d 1167, 1172 (9th Cir. 1992), *cert. denied*, 506 U.S. 879 (1992) (applying FED. R. CRIM. P. 45(a) to extend 180-day limit); *People v. Bielecki*, 588 P.2d 377, 378 (Colo. Ct. App. 1978) (applying state law on construction of statutes); *Moon v. State*, 375 S.E.2d 442, 447 n. 2 (Ga. 1988), *cert. denied*, 501 U.S. 1224 (1991); *White*, 673 P.2d at 1111 (applying state rule of criminal procedure); *People v. Malone*, 442 N.W.2d 658, 660 n. 5 (Mich. Ct. App. 1989); *State v. Alderete*, 625 P.2d 1208, 1209 (N.M. Ct. App. 1980).

Superior Court Rule 12 provides, in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by applicable law, the day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period shall extend until the end of the next day that is not a Saturday, Sunday or legal holiday . . . .

Because the 180th day fell on Sunday, September 13, 1998, and the defendant was scheduled for trial on Monday, September 14, 1998, we conclude that the State complied with the IAD.

Other issues raised by the defendant are without merit, *see Vogel v. Vogel*, 137 N.H. 321, 322 (1993), or are deemed waived because they were not briefed. *See State v. Monroe*, 142 N.H. 857, 873 (1998), *cert. denied*, 525 U.S. 1073 (1999).

*Affirmed.*

BRODERICK and DALIANIS, JJ., concurred.