Rockingham
No. 2009-641

THE STATE OF NEW HAMPSHIRE

v.

GERALD NELSON

Argued: September 8, 2010
Opinion Issued: October 27, 2010

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The defendant, Gerald Nelson, appeals the decision of the Superior Court (*Nadeau*, J.) denying his motion to dismiss his indictment for failure to comply with the time limits imposed by the Interstate Agreement on Detainers. *See* RSA 606-A:1 (2001). We affirm.

The following facts are not in dispute or are supported by the record. In October 2008, while the defendant was incarcerated in Maine, he was

indicted in Rockingham County on one charge of deceptive forestry business practice. *See* RSA 227-J:15 (Supp. 2009). On January 14, 2009, the State received the defendant's request for a speedy trial pursuant to the Interstate Agreement on Detainers (IAD). RSA 606-A:1. The IAD establishes procedures for the resolution of outstanding charges against a prisoner being held in another state. *Id.*; *State v. Sprague*, 146 N.H. 334, 335-36 (2001). The IAD requires that a defendant "be brought to trial within 180 days" after "his request for a final disposition" is provided to the prosecuting officer. RSA 606-A:1, art. III(a).

The defendant was arraigned on February 19, 2009. He appeared without counsel and the trial court entered a plea of not guilty on his behalf. Trial was scheduled for March 9, 2009. At the arraignment, the defendant requested court-appointed counsel. The trial court instructed him that if he wanted appointed counsel, "it means we can't have your trial on March 9th. The lawyer has to get prepared and read the file and understand the case." The trial court asked whether he understood, to which the defendant replied, "I did not know that, no. . . . I do now, yes." The trial court then stated:

> There are certain deadlines in the IAD law that require you to be tried within a certain amount of time, but if you need time for a lawyer, then that portion of time that you need is going to be stayed. So it won't count against the — time-wise in the IAD.

The trial court then asked if the defendant understood, to which he replied, "I do now, yes." The trial court then continued the trial and scheduled a status conference for March 23, 2009.

Defense counsel was present at the March 23 status conference. The trial judge suggested a trial date in November, to which defense counsel replied, "Is there any way we can do it quicker, like in a quick date? I can be ready real quick." The trial judge suggested a week in August, and the State suggested the week of August 3, 2009. The trial judge agreed to the week of August 3, to which defense counsel replied, "Thanks." The court scheduled the final pretrial conference for July 23, 2009, and defense counsel stated, "Okay. . . Thank you."

At the final pretrial conference on July 23, the defendant filed a motion to dismiss the indictment for violation of the IAD time limits, asserting that 183 days had passed between his request for disposition and the conference date. This calculation did not include the seven days between the defendant's request for counsel on February 19 and the public defender's appointment on February 26. The State objected to the motion, arguing that the entire time period from February 19 to March 23 should be tolled as a reasonable and necessary continuance to allow defense counsel to

prepare for trial. The State calculated that, by excluding those thirty-two days, only 169 days would have passed under the IAD on August 3, 2009, the date of trial.

The trial court denied the defendant's motion, finding that it had granted a reasonable and necessary continuance for good cause to allow defense counsel to adequately prepare for trial. The trial court tolled the time period from January 21, 2009, the day the defendant was notified of the arraignment and received a financial affidavit, to February 26, 2009, the day counsel was appointed for the defendant. The defendant filed a motion to reconsider, which was denied. Simultaneously, the State moved for clarification of the tolling dates, arguing that the defendant waived his IAD rights and the tolling occurred from February 19 to March 23. The trial court granted the State's motion "consistent with [paragraph] 10." Paragraph ten of the State's motion reads: "Therefore the time between February 19, 2009 and March 23, 2009, a total of 32 days, should be excluded from the 180 day limit. Thus on August 3, 2009 the total days counted against the limit would be 169 days . . . ." On August 7, 2009, the defendant pled guilty, but reserved the right to appeal the denial of his motion to dismiss. This appeal followed.

The defendant argues that the 180-day time limit imposed by the IAD began to run on January 14, 2009, the day he requested the disposition of his detainer, and expired before his trial on August 3, 2009. His opening brief, however, addresses only the trial court's first order on the motion to dismiss; it does not address the trial court's subsequent clarification of the tolled period in response to the State's motion.

The State argues that the defendant waived his appeal by failing to address the trial court's subsequent order in his opening brief. (We note that the defendant did address it in his reply brief.) Additionally, the State argues that the trial court properly tolled the IAD limitation period from February 19, 2009, the day the defendant requested court-appointed counsel, to March 23, 2009, the day of the status conference, to allow defense counsel to prepare for trial. The State further argues that the defendant waived his right to a speedy trial under the IAD by agreeing to a trial date outside of the 180-day time limit.

The denial of the defendant's motion to dismiss an indictment under the IAD presents a question of law, which we review *de novo*. *State v. Brown*, 157 N.H. 555, 556 (2008). In addition, "[a]s a congressionally sanctioned interstate compact, the IAD is a federal law subject to federal construction." *Id.* at 557.

We assume, without deciding, that the defendant did not waive his objection to the trial court's clarification order by failing to address it in his

opening brief. Both parties agree that January 14, 2009, the day the State received notice of the defendant's request for disposition of detainer, is the commencement date of the 180-day time limit. *See Fex v. Michigan*, 507 U.S. 43, 51 (1993). The defendant concedes that the limitation period was tolled from February 19 to February 26 while the trial court appointed defense counsel. Thus, the issue is whether the trial court correctly ruled that the IAD limitation period was tolled from February 26 to March 23. We hold that it did.

■ The 180-day limitation period under the IAD can be extended in three circumstances. *Brown*, 157 N.H. at 557. First, the IAD provides that "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." RSA 606-A:1, art. III(a). Second, "the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter." *Id.* at art. VI(a). Third, "in certain circumstances, a defendant may waive his IAD speedy trial rights." *Brown*, 157 N.H. at 557; *State v. McGann*, 126 N.H. 316, 321 (1985).

■ We find that the trial court granted a necessary and reasonable continuance for "good cause shown" to allow defense counsel to prepare for trial. RSA 606-A:1, art. III(a). There is "good cause" to grant a "reasonable" and "necessary" continuance to allow defense counsel "time for adequate trial preparation." *State v. Brown*, 125 N.H. 346, 350 (1984). Here, the defendant chose not to go to trial without counsel and instead sought court-appointed counsel. The trial was delayed to allow the court to appoint counsel and to give counsel the opportunity to prepare for a "meaningful" status conference. "Delays in bringing the defendant to trial caused by the defendant's request or a delay to accommodate the defendant are not counted toward the [IAD] time limit." *Sprague*, 146 N.H. at 337.

■ We also find that the defendant waived the IAD time limits from February 19 to March 26. The trial court clearly advised the defendant at his arraignment that he was entitled to court-appointed counsel, but that this appointment would delay his trial date. The trial court explained that defense counsel would need time to "get prepared and read the file and understand the case." The defendant indicated that he understood. The trial court explained to the defendant that the time during which appointed counsel could prepare for trial would be "stayed" under the IAD. The defendant again indicated that he understood. The trial court continued the trial scheduled for March 9, 2009, and scheduled instead a status confer-

ence on March 23, 2009, to "give the lawyer enough time" for a "meaningful" conference. The defendant understood and expressed his assent.

At oral argument, both parties addressed the extent to which *State v. Dolbeare*, 140 N.H. 84 (1995), remains good law in light of *New York v. Hill*, 528 U.S. 110 (2000). In *Dolbeare*, the defendant did not object when the court rescheduled his trial date outside of the IAD time limits. *Id.* at 85. We held that the trial court properly dismissed the indictment because his silence alone did not amount to a waiver. *Id.* at 87. Subsequently, the United States Supreme Court held that defense counsel's agreement to a trial date outside of the IAD limits constituted a waiver of the time limits. *Hill*, 528 U.S. at 118. We need not decide the viability of *Dolbeare*, however, as the facts of *Dolbeare* are distinguishable from the present case. Here, the defendant was not merely silent; he affirmatively assented to the continuance after the implications of it were adequately explained to him.

In summary, we hold that the trial court had good cause to grant a reasonable and necessary continuance to allow defense counsel to adequately prepare for trial. We further hold that the defendant waived his IAD speedy trial rights for the entire period from his arraignment on February 19 until the status conference on March 23, for this adequate preparation. Since the trial court properly tolled the IAD time limits during this period, the defendant was brought to trial within the 180-day limit required by the IAD; thus, the trial court properly denied the defendant's motion to dismiss.

In light of these holdings, we need not decide whether defense counsel waived the IAD time limits by agreeing to a trial date outside of the 180-day period.

*Affirmed.*

DALIANIS, DUGGAN and CONBOY, JJ., concurred.