TYSON, Judge.
Steve Greer was indicted on two counts of burglary in the first degree. The indictment was later amended to include two counts of burglary in the third degree. The appellant pled guilty to the two counts of burglary in the third degree. The appellant was then sentenced to eight years’ imprisonment.
I
The appellant contends that the trial judge erred in overruling his motion to dismiss the indictments due to the State’s failure to comply with the Uniform Mandi-tory Disposition of Detainers Act, § 15-9-81, Code of Alabama 1975, as amended.
The pertinent part of § 15-9-81 provides as follows:
“Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. ...
Section 1-1-4, Code of Alabama 1975 states:
“Time within which any act is provided by law to be done must be computed by excluding the first day and including the last. However, if the last day is Sunday, or a legal holiday as defined in section 1-3-8, or a day on which the office in which the act must be done shall close as permitted by any law of this state, the *789 last day also must be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done.”
“The 180-day period may be tolled or otherwise exceeded for three reasons: (1) to allow the trial court to grant any necessary and reasonable continuance for good cause shown in open court with the defendant or his counsel present, § 15-9-81, Art. 111(a); (2) for as long as the defendant is unable to stand trial, § 15-9-81, Art. VI(a); or (3) for any period of delay in bringing the defendant to trial caused by the defendant’s request or to accommodate the defendant.”
Saffold v. State, 521 So.2d 1368, (Ala.Crim.App.1987).
The events relevant to the appellant’s contention are set out in the following chronological order:
April 14, 1987 — Appellant notified of indictment charging him with two counts of burglary in the first degree.
April 18, 1987 — Pursuant to a detainer placed on appellant by the Russell County Sheriffs Department, Georgia Department of Corrections notified Russell County Sheriffs Department that the appellant was imprisoned in a Georgia penitentiary.
April 21, 1987 — Russell County District Attorney’s Office received appellant’s Request for Disposition of Indictments; Certificate of Inmate Status; and Offer to Deliver Temporary Custody.
October 18, 1987 — (Sunday); This was the 180th day of the statutory period.
October 19, 1987 — The appellant told the trial judge that he was financially unable to employ counsel and he wanted to think about applying for youthful offender status.
October 20, 1987 — The appellant’s counsel applied for youthful offender status.
October 21, 1987 — Appellant filed a motion for production.
October 23, 1987 — Appellant filed a motion to dismiss the indictment because more than 180 days had elapsed since notice had been delivered without the appellant being brought to trial.
October 30, 1987 — Application for youthful offender was denied.
November 12, 1987 — A hearing on the motion to dismiss was held. The motion was overruled.
November 13,1987 — The case was called for trial. The indictment was then amended to add two counts of burglary in the third degree. Before the trial began the appellant entered a plea of guilty on two counts of burglary in the third degree. At this time the appellant renewed his motion to dismiss the indictments on the ground that the 180 day period had lapsed before he was brought to trial.
The 180th day of the statutory period was on Sunday, October 18,1987, which, by law, would mean the next working day would be counted as the last day. That day would be the following Monday. On that day the appellant stated that he wanted to think about applying for youthful offender status.
On the next day, Tuesday, the appellant filed for youthful offender status. On the 180th day the appellant chose to delay the proceedings. Thus, all the delays past the 180 day statutory period were due to motions and requests to accommodate this appellant. Thus, the trial judge was authorized to hold and properly determined that the time limit of 180 days was tolled to accommodate the appellant’s pretrial motions. Safford, supra.
In addition, it is important to note that in Tombrello v. State, 484 So.2d 1190 (Ala.Crim.App.1985), this court held that, when a defendant pleads guilty, all nonjurisdic-tional defects are waived, including the Uniform Mandatory Disposition of Detain-ers Act.
In this case, at the time the appellant pled guilty and again at the sentencing hearing, the defense counsel renewed the motion to dismiss the indictment due to the State’s failure to comply with the time limit set out in the Uniform Mandatory Disposition of Detainers Act. Thus, the appellant preserved this error for our review.
*790 In light of the foregoing, the trial judge properly overruled the appellant’s motion to dismiss.
We have carefully reviewed the record and find no error therein. For the reasons stated, this cause is due to be and is, therefore, affirmed.
AFFIRMED.
All the Judges concur.